UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Richard Daschbach | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. |
| | ) | |
| Wyatt Investment Research, LLC | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

## I.      INTRODUCTION

1.  This is an action brought under the Federal Rules of Civil Procedure 23(a) and (b); the

    Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq*, and all applicable

    statutory and common law causes.

## II.  JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, for the

    TCPA claims. *See also* Mims v. Arrow Financial Services, 132 S. Ct. 740 (2012)

    (resolving a split between the Circuits and holding that Federal Jurisdiction does exist for

    private TCPA claims).

3.  Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts

    business here, and the conduct complained of occurred here in the District of New

    Hampshire.

## III. PARTIES

4.  Defendant Wyatt Investment Research, LLC is a foreign limited liability company with a

    principal address of 65 Railroad Street, Richmond, VT 05477.

5. Defendant has a registered agent in VT of Ian Wyatt, 65 Railroad St., Richmond, VT 05477.  AND a registered agent in Delaware at: The Company Corporation, 251 Little Falls Drive, Wilmington, DE 19808, phone number 302-633-5440.

6. Plaintiff is a natural person at all times relevant residing in the State of New Hampshire, County of Rockingham.

## IV.      FACTUAL ALLEGATIONS

7. After visiting the website of the Defendant, Plaintiff's phone was bombarded with unwanted advertising solicitations. The plaintiff did not consent to these advertising solicitations nor have any preexisting business relationship with the Defendant.

8. Upon information and belief, the Defendant employs a predictive dialer or automatic telephone dialing system to send telemarketing and solicitation calls and messages such as the calls and messages sent to the Plaintiff in this case.

9. The Plaintiff received at least eight (8) such calls on his cellular telephone.

10. Upon information and belief, the Defendant employs a predictive dialer or automatic telephone dialing system to send telemarketing and solicitation text or "TXT" messages such as the TXTs transmitted to the Plaintiff in this case.

11. The Plaintiff received at least twenty-five (25) such TXT messages on his cellular telephone.

12. Plaintiff also received calls which contained pre-recorded voice.

## V.  CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b) on behalf of herself/himself and a class of similarly situated individuals as defined below:

a) All persons in the United States of America who within the last four years received telemarketing calls and/or "TXT" messages from Wyatt Investment Research, LLC on their cellular telephones and had not previously consented to the calls or TXTs.

(the "Class").  Excluded from the Class are Defendants, their officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

14. The proposed Class is believed to be so numerous that joinder of all members is impracticable.  The exact number of members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  The proposed Class is believed to be ascertainable in that the contact information of all members of the Class can be identified in business records maintained by Defendant or the Defendant's principal or agent.

15. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all Class members' claims originate from the same conduct, practice and procedure on the part of the Defendant and Plaintiff has suffered the same injuries as each member of the class.  Like all proposed members of the Class, Plaintiff received telemarketing calls and TXT messages from the Defendant to their cellular telephone.

16. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced in consumer protection litigation.  Plaintiff's counsel has co-counseled consumer class action litigation and has an established ongoing association with experienced consumer class action attorneys with nationwide reach and resources.

17. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

18. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the Class.  Among the issues of law and fact common to the Class are:

    a)  Defendant's violations of the TCPA as alleged herein;

    b)  The existence of Defendant's identical conduct particular to the matters at issue; including but not necessarily limited to the placement of telemarketing calls to cellular telephone numbers and the transmission of unauthorized so-called "TXT" messages.

19. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

20. A heretofore unknown number of consumers are without a remedy for these violations of Federal Law.

## VI. CLAIMS FOR RELIEF

### COUNT I - *Class Action*
### DEFENDANT'S VIOLATIONS OF 47 U.S.C. 227

21. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

22. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party)

using any automatic telephone dialing system or an artificial or prerecorded voice... to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States..." 47 USC § 227(b)(1)(iii).

23. The Statutory scheme of the TCPA provides for a private action for violations of the statute: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State- (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(b)(3).

24. "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

25. "[A]n act may be 'intentional' for purposes of civil liability even if the actor lacked actual knowledge that [their] conduct violated the law." Jerman v. Carlisle, McNellie, Rini, Kramer, 130 S. Ct. 1605, 1612 (2010). *See also* Kolstad v. American Dental Assn., 527 US 526, 549 (1999) (holding that willful violations can be found where a defendant acts with "careless" or "reckless" disregard for federally protected rights).

26. Here, Defendant has sent advertisements and solicitations to the plaintiffs cellular telephone and via his cellular telephone service in the form of calls, voicemails, and

"TXT" messages.  The Defendant did not have any right or authorization to send such solicitations, advertisements, and messages.

27. The purpose of the calls and TXTs were was solicitation.  They were telemarketing calls.

28. The Defendant did not have plaintiff's prior express consent to contact their cellular telephone.

29. The Defendant made these calls with careless or reckless disregard that their conduct violated the law.

30. The Defendant therefore willfully, intentionally, or negligently violated Federal Law.

31. The nature of the Defendant's conduct towards the Plaintiff implies that they have conducted these violations in a widespread manner.

32. A heretofore unknown number of consumers have the same or similar claims against the Defendant and are entitled to the relief provided for by Federal Law.

33. WHEREFORE, Plaintiff requests this Honorable Court enter the following relief:

   a) Determine that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

   b) Adjudge that Defendant violated 47 U.S.C. § 227;

   c) Enjoin the Defendant from any further violations of 47 U.S.C. § 227;

   d) Award Plaintiff and members of the Class statutory damages for each phone call made in violation of this statute, pursuant to 47 U.S.C. § 227(b)(3);

   e) Award Plaintiff and members of the Class triple damages pursuant to 47 U.S.C. § 227(b)(3);

   f) Award Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

g) Approve or award attorneys' fees as appropriate for representing the plaintiff and the class;

h) Issue such other and further relief as the Court may deem just and proper.

## COUNT II - *Absent Nationwide Class Approval*
## NH RSA 358-A GENERALLY

34. Plaintiffs repeat and re-allege each and every allegation contained herein as if fully stated within this count.

35. Under New Hampshire law it is unlawful to use any unfair or deceptive act or practice in the conduct of any trade or commerce. NH RSA 358-A:2. 27.   "It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." RSA 358-A.

36. Defendant was at all relevant times herein engaged in trade or commerce within the State.

37. As described herein, Defendant employed an unfair or deceptive act or practice when they made repeated calls and sent messages and repeatedly harassed the consumer for business.

38. Defendant knowingly or willfully pressured the consumer with phone messages and doubled the pressure by TXT communication in a concerted effort to harass the consumer into submission in an unfair and oppressive manner.

39. Plaintiff is therefore entitled to $1,000 to $3,000 in statutory damages, plus costs and attorneys fees. RSA 358-A:10.

WHEREFORE, the Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that the Defendant violated NH RSA 358-A;

b) Awarding the Plaintiff statutory damages, pursuant to NH RSA 358-A;

c) Trebling any statutory damages by finding the violation to be willful or knowing;

d) Awarding the Plaintiff's reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-A:10;

e) Awarding the Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III -  RSA 358-A - *Absent Nationwide Class Approval*
## DEFENDANT'S VIOLATION OF RSA 358:A BY FAILING TO REGISTER WITH THE SECRETARY OF STATE

40. Plaintiff repeats, and re-alleges each and every allegation contained herein as if fully stated within this count.

41. Defendant business does not appear to be registered with the New Hampshire Secretary of State.

42. The Plaintiff is therefore put to additional time, trouble, and/or expense in locating and serving the Defendant.  The plaintiff is further harmed by having to suffer and endure bad, unfair, illegal, unlawful, or deceptive business practices in the State of NH from a foreign entity purportedly not beholden to the State.

43. RSA 349:1 provides that: "Every sole proprietor doing business in this state under any name other than the sole proprietor's own name, and every partnership, trust or association doing business in this state shall register the trade name of such business, trust or association in the manner provided in RSA 349:5 and 349:6." RSA 349:1

44. RSA 358-A provides that it "shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." RSA 358-A:2.

45. Failure to register with the Secretary of State may prevent the citizenry from ascertaining who is responsible for bad business practices.

46. Failure to register results in unfair competition against other businesses that comply with the law and pay registration fees and taxes accordingly.

47. Defendant has knowledge, or constructive knowledge, that they are required to register with the Secretary of State to do business in New Hampshire.

48. The Defendant willfully or intentionally failed to register with the Secretary of State.

49. The Defendant's failure to register with the secretary of state is harmful to the public who is left unsure of what company they are dealing with.

50. This behavior is inherently deceptive as it may prevent citizens from looking up or locating the corporate information for the Defendant.

51. If it is not held or found to be an unfair or deceptive act or practice, then the law requiring registration to do business in the State is a dead letter, and no business need register at all with the NH Secretary of State as there is no other enforcement mechanism provided for.

52. Therefore, Defendant's failure to register with the Secretary of State, as required by law, must be an unfair or deceptive business practice in violation of RSA 358-A.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

     a. Adjudging that the Defendant violated NH RSA 358-A;

     b. Awarding the Plaintiffs statutory damages, pursuant to NH RSA 358-A;

     c. Trebling any statutory damages by finding the violation to be willful or knowing;

     d. Awarding the Plaintiffs' reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-A:10;

     e. Awarding the Plaintiffs any pre-judgment and post-judgment interest as may be allowed

under the law; and,

f. Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV- *Absent Nationwide Class Approval*
### INVASION OF PRIVACY

53. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

54. Defendant invaded the peace and quiet enjoyment of Plaintiff's life and home through repeated phone calls and messages.

55. Defendant without right or justification intruded upon the physical and mental solitude or seclusion of the Plaintiff.

56. Defendant therefore invaded the privacy of Plaintiff by intrusion upon seclusion.

57. Plaintiff suffered damages in loss of enjoyment of life, increased stress, mental and emotional disturbance.

WHEREFORE, Plaintiff prays for relief, Judgment in their favor, and an award of damages.

### PLAINTIFF IS ENTITLED TO AND HEREBY DEMANDS TRIAL BY JURY

Dated: August 29, 2018

Respectfully submitted,
Counsel for the Plaintiff,
and the proposed Class,

/s/ John F. Skinner, III
ATTY. JOHN F. SKINNER, III
NHBN:19886
Associated Attorneys of New England
587 Union Street
Manchester, NH 03104
Tel: (603) 622-8100
Fax: (888) 912-1497
AttorneySkinner@gmail.com